573 A.2d 1149

**COMMONWEALTH of Pennsylvania**

v.

**Harold POMERANTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 1989.

Filed Aug. 3, 1989.

Motion to Publish Opinion Granted April 23, 1990.

Nino Tinari, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Harold Pomerantz appeals from an order denying his motion for return of property. We affirm in part and vacate in part.

Pomerantz asks this court, on appeal, to consider the questions of (a) whether certain property constitutes derivative contraband, and if so, (b) whether such property need be returned as having been illegally seized. Since we are unable to determine that Pomerantz has established the necessary predicate to raise these questions, we decline to consider those issues and affirm the order denying return of the property.

At the outset, we note that a motion for return of property pursuant to Pa.R.Crim.P. 324 is entirely distinct from a procedure with respect to seized property (forfeiture) pursuant to Sections 28 and 29 of the Act of April 24, 1972 (P.L. 233, No. 64) known as The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–128, 780–129 Rep.[1]

The clear object of § 780–128, in a forfeiture proceeding, is to impose a penalty upon those who are significantly involved in criminal enterprises in violation of the drug act. *Commonwealth v. Landy*, 240 Pa.Super. 458, 469, 362 A.2d 999, 1005 (1976). By contrast, a motion for return of property pursuant to Rule 324 is intended to return goods to a person aggrieved by a search and seizure based upon the right to lawful possession and the non-contraband status of the goods. Pa.R.Crim.P. 324.

Rule 324 expressly provides:

[1]. Repealed and replaced by Section 4 of the Act of June 30, 1988 (P.L. 464, at 326–331, No. 79), 42 Pa.C.S., Chapter 68, §§ 6801, 6802.

## RULE 324. MOTION FOR RETURN OF PROPERTY

(a) *A person* aggrieved by a search and seizure, whether or not executed pursuant to a warrant, *may move for the return of the property on the ground that he is entitled to lawful possession thereof.* Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) .... (emphasis added).

Under the rule, a party must, at a minimum, allege that he is entitled to lawful possession of the involved property. In the case before us, no evidence was submitted to the trial court that Pomerantz is entitled to lawful possession of the cash in dispute.

On or about February 26, 1988, Pomerantz filed a motion for return of property requesting an order "directing that the certain property seized from his residence ... be returned to him." In support of the motion, Pomerantz alleged in Paragraph 4:

4. The above-described U.S. Currency seized is not contraband, nor was it ever the fruit of any crime; instead, it is the exclusive property of the Defendant obtained by legitimate business means.

Although no written response to the motion is contained in the certified record, or noted in the docket entries, a handwritten notation to the file shows "5/25/88, Room 788, Comm. opposed. C–9/26/88 Room 788 hearing, By the Court, s/ O'Keefe, J."

A review of the entire hearing transcript from the Return of Property Hearing, September 26, 1988, 39 pages reveals that the averments contained in the motion were not offered

as evidence, nor was any testimony offered by Pomerantz on any of the factual allegations of the motion.

▮ The court, in its order denying the return of property, alludes to a Commonwealth's Petition for Forfeiture. No such petition has ever been filed, nor did the Commonwealth, at any time during the hearing, orally seek to proceed under 35 P.S. §§ 780–128. We will not consider a petition that has neither been filed nor been orally presented to the trial court. *Commonwealth v. Young*, 456 Pa. 102, 114–16, 317 A.2d 258, 264 (1974); *Commonwealth v. Lowry*, 385 Pa.Super. 236, 560 A.2d 781 (1989). To the extent that the order of November 23, 1988 purports to "grant" a petition for forfeiture, it is hereby vacated.

▮ Returning to the only matter properly before the hearing judge, namely the motion for return of property, we point out the confusion which resulted by virtue of the failure of the trial court to recognize the type of proceeding before him and to apply the appropriate burden of proof. On any motion for return of property, the moving party must first establish entitlement to lawful possession, Rule 324(a), before any obligation is placed upon the Commonwealth to prove that the property at issue is contraband. Rule 324(b). The Commonwealth did not have any burden to come forward at the outset since the proceeding did not involve a petition for forfeiture.

We do not suggest that the two matters may not be heard together. *See Matter of Kulbitsky*, 112 Pa.Commw. 477, 480, 536 A.2d 458, 459–60 (1988) (answer and new matter to Rule 324 motion raised Commonwealth request for forfeiture). Where, as here, the only matter before the court is a motion for return of property, a necessary element which must be proven to warrant the granting of the motion is the right of the moving party to lawful possession.

▮ The Notes of Testimony of the hearing on the motion before the Honorable James D. McCrudden contain the following exchange between the court and counsel for both parties:

190

MR. KENNEDY [Asst. D.A., Respondent]: Judge, on Mr. Mungello's other matter Harold Pomerantz, that matter is listed. The Commonwealth is ready to proceed. His Counsel is here for—

MR. MUNGELLO [Atty. for Petitioner Pomerantz]: Again, Your Honor, Mark Mungello. Again I'm here for Nino Tinari on behalf of Harold Pomerantz and we are ready to go.

MR. KENNEDY: This matter involves the return of 38 hundred dollars which was confiscated from Mr. Pomerantz in January of 1985....

. . . . .

MR. KENNEDY: *Judge, we are ready to proceed. I ask the Petitioner testify first since he has the burden of proof in this case.*

MR. MUNGELLO: *That is correct, Your Honor? It's my understanding the Commonwealth has the burden of proof* to show by a preponderance of the evidence that the items sought to be returned were either contraband per se or contraband in a derivative sense.

THE COURT: *I don't really know but I was always under the impression the Commonwealth had the burden.*

MR. KENNEDY: *Though there are actually two burdens in this case, Your Honor. The Petitioner's burden to show the items confiscated were lawfully possessed, and the Commonwealth has the burden of showing on the contrary that they constitute derivative contraband.*

In this case I'll defer to the Court's wishes, Your Honor. It really doesn't make—

THE COURT: Let me ask you this. In other cases I have had didn't the Commonwealth proceed first?

MR. KENNEDY: *The distinction that we have made in this courtroom, Your Honor, is that in drug forfeiture hearings* or hearings on petitions for forfeiture of money *filed by the Commonwealth we proceed first,* seek to proved that the items constitute derivative contraband

and then it becomes in that case the Defendant's burden of proof to prove on the contrary the items were lawful possessed.

*On the other hand, the petition for the return of property which is filed by the Defendant* for the return of items, *we follow the procedure that they proceed first to show lawful possession of the items and then the Commonwealth follows by showing derivative contraband.*

THE COURT: *Is that the way Judge O'Keefe did it?*

MR. KENNEDY: *That's the way we did it with Judge O'Keefe, Your Honor.*

THE COURT: *I'll follow Judge O'Keefe. I don't know.*

MR. MUNGELLO: Judge, really I think it's Rule 324 the Rules of Procedure that provides for this and the case law construing it, I don't think the case changes in either context, either forfeiture or return of property.

These items that we seek to have returned were seized pursuant to an investigation. And the only standard by which the Commonwealth may keep them is if they were contraband per se or contraband derivatively. And the Commonwealth must prove that in either context. And if the Commonwealth—if Mr. Pomerantz were not even here today, Your Honor, I could lawfully waive his presence.

And if the Commonwealth could not place any evidence on the record that the items that we are seeking returned were contraband, those items would have to be returned to him. He does not have to be present for this hearing.

THE COURT: *I'm not sure. Look, I have never looked that up. I don't have the slightest idea of what the procedure is, but if Counsel tells me that Judge O'Keefe followed a certain procedure, I will for today only I will follow the procedure that was followed by Judge O'Keefe. I will definitely look into it myself because I know I will make my own opinion, my own decision tomorrow.*

MR. MUNGELLO: *Judge, can I have ten minutes to go to the libray [sic] and find the case law for you because I know right where it's located?*

MR. KENNEDY: *Judge, I don't think it makes that big of a difference. The Commonwealth will proceed.*

THE COURT: Fine.

MR. KENNEDY: Commonwealth calls Officer Matrisciano.

THE COURT: *Counsel, is the rule—*

MR. MUNGELLO: *I think it's 324, Your Honor, the Rules of Criminal Procedure.*

MR. KENNEDY: *I don't think the rules say—well, if you read the rule, Your Honor, I'm sure—*

MR. MUNGELLO: *The rule itself won't answer the question.*

MR. KENNEDY: It won't answer the question; it's really a matter that's within the discretion of the Court.

MR. MUNGELLO: The case law construing it, Your Honor, however, which I have researched before I think will demonstrate.

THE COURT: *Go ahead.*

---

COMMONWEALTH EVIDENCE

---

... POLICE OFFICER DAVID MATRISCIANO, BADGE NO. 4182, 19TH POLICE DISTRICT, having been duly sworn, was examined and testified as follows....

Notes of Testimony, September 26, 1988, pages 4–8 (emphasis added).

From this transcript it is apparent that the Commonwealth initially recognized the procedural distinction between return of property cases and forfeiture cases. It is also apparent that the hearing court readily conceded its unfamiliarity with the procedure. Sadly, the only evidence offered at the hearing was by Police Officer Matrisciano on the issue of whether the money seized would be determined

to be derivative contraband. There was no attempt to establish ownership or entitlement to lawful possession at any time during the hearing. Where the trial court is not provided with credible evidence as to ownership or entitlement, a motion for return of money should not be granted. *Cf. Grossman v. Commissioner of Police*, 318 Pa.Super. 584, 588, 465 A.2d 1007, 1009–10 (1983) (failure of movant to show he is the real owner of money seized).

We conclude that Pomerantz has failed to sustain his burden, on a motion for return of property, that he is entitled to lawful possession, as required by Rule 324(a). We also conclude that the Commonwealth may not benefit from an order granting forfeiture where no petition for forfeiture has been presented to the court. *See Commonwealth v. Myers*, 298 Pa.Super. 272, 279 n. 2, 444 A.2d 1170, 1174 n. 2 (1982). We express no opinion as to whether the Commonwealth might prevail, were a petition for forfeiture pursuant to 35 P.S. § 780–128 to be filed.

Accordingly, that portion of the order of November 23, 1988 which denied return of the money is affirmed. That portion of the order purporting to grant relief to the Commonwealth on a nonexistent petition for forfeiture is vacated.

Order affirmed in part and vacated in part.