623 A.2d 360

**COMMONWEALTH of Pennsylvania**

v.

**George Stephen STIPETICH, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1993.

Filed April 19, 1993.

540

Ellen M. Viakley, Pittsburgh, for appellant.

Edward M. Clark, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge.

George Stephen Stipetich appeals from an order which directed defense counsel to retain and preserve certain videotapes as evidence and which allowed the Commonwealth to retain originals or copies of those videotapes under seal. The order which triggered the appeal was entered two days following the entry of an order directing the District Attorney's Office to deliver to defense counsel all items which had been earlier seized pursuant to a search warrant at Stipetich's residence. We are asked to construe Pennsylvania Rule of Criminal Procedure 324 which provides for the return of seized property upon motion. We are unable to find an exception, as urged by the Commonwealth, where it is alleged that the property may represent potential evidence in future, separate criminal and civil proceedings. Accordingly, we reverse.

On August 7, 1991, a criminal complaint was signed against Stipetich, charging him with rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, indecent exposure, corruption of minors, and criminal conspiracy. The same day, a search warrant was issued on application of two detectives employed by the Allegheny County Police. The search warrant was executed at the Stipetich residence on August 12, 1991, and resulted in the seizure of more than one hundred videotapes and other items as shown on the receipt/inventory. Among the items seized were the five videotapes which form the subject of this appeal.

According to the Brief for Appellant, and not disputed by the Commonwealth, four of the videotapes were homemade recordings depicting adult consensual sexual activity engaged

in by Stipetich and his wife in the privacy of their bedroom. On two of those tapes a third party, an adult woman, is present and/or engaged in consensual sexual activity. The fifth videotape is a commercial recording of an adult movie entitled "The Story of O". Brief for Appellant, pp. 4–5.

Stipetich was the subject of charges made by a teenager who resided with her parents in Mt. Lebanon Township. The teenager had reported to authorities that her parents had regularly taken her to Stipetich's home for the purpose of sexual abuse. Criminal charges were lodged against the parents and Stipetich. The alleged victim was examined by an independent psychiatrist selected by the Commonwealth, by a psychiatrist employed by the head of a local child sexual abuse program, and a third psychiatrist selected by the defense.

On April 21, 1992, at the conclusion of an evidentiary hearing wherein the testimony of one of the three psychiatrists was received, the Honorable Robert E. Dauer granted the Commonwealth's application for nolle pros. All of the charges against Stipetich at CC9115656 were dismissed with prejudice. Excerpt of Trial Transcript, April 21, 1992, page 32.

The same day, the following Order of Court was entered by Judge Dauer:

## ORDER OF COURT

AND NOW, to-wit, this 21st day of April, 1992, the Office of the District Attorney, the Allegheny County Police and any other persons or agencies on behalf of the District Attorney's Office shall forthwith deliver to William F. Manifesto, Esquire, counsel for George S. Stipetich, any and all items seized from 1650 Hollow Tree Road, Pittsburgh, Pennsylvania 15241, on or about August 12, 1991, which shall include any an all copies made of the seized items.

Further, any videotapes seized and which were made part of exhibits pursuant to motions filed with the Clerk of Courts by the Commonwealth shall be immediately delivered to counsel for the defendant.

BY THE COURT:

s/ Robert E. Dauer, J.

The order provided for the return of all items seized from the Stipetich home, including all copies made of the seized items.

Two days later, the Commonwealth returned to court with a Motion to Modify Order for Return of Seized Property. The Motion averred that on April 21, 1992, the Commonwealth had appeared *ex parte* before the court and requested modification of the order returning property to Stipetich, to the extent that counsel for Stipetich be required to retain and preserve certain videotapes. The Motion went on to aver that the court had granted the *ex parte* motion in open court and the Commonwealth was seeking a written order to that effect.

The Trial Transcript for April 23, 1992, does not contain any testimony by any witnesses. There is no evidence in the record of that proceeding to support the averments in the Commonwealth's Motion to Modify Order for Return of Seized Property.

We have been unable to unearth any executed copy of the order of April 23, 1992, from which this appeal is sought to be taken. The record certified to this court includes both an original and a copy of the Motion to Modify Order for Return of Seized Property, both under seal but neither one docketed. Each of the motions has attached to it an unsigned Order of Court in the following form:

## ORDER OF COURT

AND NOW, to-wit, this *22nd* day of April, 1992, William F. Manifesto, Esquire, counsel for defendant George S. Stipetich, shall retain and preserve certain videotapes, that is Commonwealth Exhibits 4, 5, 6, 7 and 8 submitted as part of the Commonwealth Motion in Limine, and that the Commonwealth be allowed to retain originals or copies of those exhibits under seal.

BY THE COURT:

_____, J.

544

In its brief, the Commonwealth concedes that the lower court "orally granted the motion to modify." The Trial Transcript included in the certified record contains the following, at the end thereof:

THE COURT: I am not going to tell the District Attorney how to run their office. They can make copies of these things, give the originals back and put them under seal. Keep them in your safe. The originals will be returned.

(Whereupon the proceedings were concluded.)

Trial Transcript, April 23, 1992, p. 5. In his Brief for Appellant, Stipetich sets out the Order in Question, at page 2, with the order bearing a date of April 23, 1992, and asserts that the order was "filed under seal." The parties are agreed that an order was entered. The distinguished trial judge in his Opinion filed pursuant to Pa.R.A.P.1925 on July 10, 1992, asserts that he entered an order on April 23, 1992 "granting the Commonwealth permission to retain copies of certain tapes, the originals of which the court ordered be returned to [Stipetich]." Under these circumstances, we will presume that the order has, in fact, been executed and filed under seal.

On a motion for return of property, the moving party has the burden of proving ownership or lawful possession of the items. *Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149 (1989). The burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the property is contraband. *Id.* Rule 324 was interpreted at length by this court in *Petition of Maglisco*, 341 Pa.Super. 525, 491 A.2d 1381 (1985). *Maglisco* reaffirmed the principle that where criminal charges have been dismissed, seized property may be retained by the Commonwealth only if it comprises contraband *per se* or derivative contraband.

Contraband *per se* is property whose possession is unlawful; derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *Commonwealth v. Fassnacht*, 246 Pa.Super. 42, 369 A.2d 800 (1977), *cert. denied* 439 U.S. 911, 99 S.Ct. 280, 58 L.Ed.2d 257.

Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. *Commonwealth v. One 1985 Dark Blue Mercedes,* 391 Pa.Super. 507, 571 A.2d 482 (1990), *alloc. denied* 526 Pa. 654, 586 A.2d 922 (1990). Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity. *Id.; Petition of Maglisco, supra* (although actual gun used in crime is derivative contraband, rifles not used in commission of crime must be returned).

In the case now before us, the Commonwealth conceded Stipetich's entitlement to lawful possession of the property. The initial order filed April 21, 1992, and directing return of the property was entered with the concurrence of the prosecutor. Since the videotapes (1) depicted Stipetich, (2) were made by him and (3) were seized from his home, his burden of proving ownership would not have been difficult. The burden was on the Commonwealth, therefore, to prove that the videotapes were contraband.

In its Motion to Modify Order for Return of Seized Property, the only averments material to the issue now before us are contained in the last three paragraphs of that motion:

3. On April 21, 1991, the Commonwealth appeared before this Honorable Court and requested that the court modify the order returning defendant's property to the following extent: that counsel for defendant, William F. Manifesto, Esquire, retain and preserve certain videotapes, that is Commonwealth Exhibits 4, 5, 6, 7 and 8 filed in conjunction with the Commonwealth's Motion in Limine;

4. This Honorable Court granted said motion in open court and the Commonwealth presently seeks a written order to that effect.

5. Further, that the Commonwealth be allowed to retain and preserve the originals or copies of the above listed exhibits under seal.

Nowhere in the Motion presented to Judge Dauer does the Commonwealth aver that the videotapes were contraband. In reviewing the hearing on the motion, we find the following

unsworn statement by the assistant district attorney, in response to defense counsel's assertion that the videotapes did not depict any illegal conduct and were not inherently illegal:

MS. CAPRISTO [A.D.A.]: Your Honor, there is one tape that does depict something that *could* certainly represent criminal activity, *which may or may not become relevant,* depending on the outcome of the appeal pending before Superior Court, involving the drug charges against Mr. Stipetich. In addition to that, Your Honor—

THE COURT: Why do you want the other tape?

MS. CAPRISTO: Since defense counsel in this case has made numerous statements that they intend to sue everyone involved in this case, *these tapes were an integral part of the theory of our prosecution,* and to deprive us of the ability to maintain copies of them, would *deprive us of the ability to defend ourselves in the event we become* unwilling *litigants* in these pursuits.

Trial Transcript, April 23, 1992, p. 3 (emphasis added).

In its Brief to this court, the Commonwealth argues that a "liberal construction" of Rule 324 "supports the provisional limitations on appellant's right to exclusive possession of the videotapes." The Commonwealth goes on to argue, in its Brief, that:

The videotapes represent potential evidence in future criminal and civil proceedings, and the Commonwealth's request temporarily to retain duplicates for those contingencies was a compelling interest which outweighs appellant's immediate, exclusive possessory interests. The lower court's order was a measured, flexible response to a set of factual variables which Rule 324 does not specifically contemplate; that exercise of discretion should be accorded great deference by this Court.

Brief for Appellee, filed October 16, 1992, Summary of the Argument, p. 4.

The Commonwealth essentially is arguing that since there is a possibility that it, or its agents, may become "unwilling litigants" in some future civil litigation, it should have the right to hold on to Stipetich's property even after it asked the

trial court to dismiss the criminal charges and the court, in response to the Commonwealth's motion, did just that. Also, the Commonwealth argues that there is another case, about which they are not specific on this record, in which the videotapes here under dispute "may or may not become relevant."

Not surprisingly, the Commonwealth advances no authority either in statute, rule or case law for its contention that it has a right, without any showing that the property is derivative contraband, to retain copies of videotapes owned by a party against whom a criminal case has been dismissed. In *Commonwealth v. Myers*, 298 Pa.Super. 272, 444 A.2d 1170 (1982), we refused to affirm a trial court finding of derivative contraband where the trial court had placed no burden of proof whatsoever on the Commonwealth but, instead, inferred that money must have been derived from an illegal sale—and therefore contraband—based merely on the fact that it was in the possession of one who was also in possession of marijuana. In *Myers*, there was no evidence presented of any sale of marijuana or of anything else, and no attempt was made by the Commonwealth to show any specific transaction.

In the case now before us, no evidence whatsoever was presented by the Commonwealth on the record, nor did the assertions of the assistant district attorney rise to a level to even permit an inference of derivative contraband. To contend that items of property "may or may not become relevant" depending on the outcome, sometime in the future, of an unrelated appeal falls far short of a showing that any of the videotapes had been used in the perpetration of an unlawful act.

The Commonwealth argues that the videotapes at issue were not the subject of a forfeiture action, not even indirectly, and hence Stipetich's focusing on the fact that the videotapes are not contraband "is a distraction which obscures the real issue in this case." We reject this contention. Rule 324 is not limited to forfeiture actions. The rule is quite clear that *any* person aggrieved by a search and seizure may move for the

return of property on the ground that that person is entitled to lawful possession. *Commonwealth v. Fassnacht, supra,* wherein we discussed Rule 324 and the concepts surrounding contraband, involved the defendant's petition for return of property following a finding of not guilty. In *Commonwealth v. Myers, supra,* we reviewed the contraband issue where the owner had filed motions for return of the property both pretrial and post-trial. We continue to believe that whether property is contraband is a burden properly placed upon the Commonwealth in any case arising under Rule 324 where the moving party has established ownership or the right to lawful possession.

The Commonwealth has not argued that the videotapes were contraband. No proof was presented that they were used in the commission of any crime. The Commonwealth has not identified any statute authorizing their forfeiture. On the record before this court, the plain language of Rule 324 mandates return of the videotapes to Stipetich.

We will not rule on the alleged right to privacy asserted by Stipetich on behalf of himself and the other persons depicted on the four, homemade videotapes. We need not reach that issue to resolve this appeal. We have no difficulty in concluding, nonetheless, that the Commonwealth has fallen far short of establishing any justification whatsoever for retaining either the original videotapes removed from Stipetich's home or copies made therefrom. On the record before us, Stipetich is entitled to immediate return of the videotapes.

The order entered April 23, 1992, which granted the Commonwealth permission to retain copies of certain videotapes and which directed counsel for defendant to retain and preserve certain videotapes is reversed. The order of April 21, 1992 which directed that any and all items seized from Stipetich's home on August 12, 1991, including all copies made of the seized items, is hereby reinstated.

Order of April 23, 1992, is **REVERSED.** Order of April 21, 1992, is hereby **REINSTATED.** Jurisdiction **RELINQUISHED.**