**In re Seized Property of Bartholomew**

*Wallace C. Worth* and *Richard W. Kolosky* for petitioners.

*Letty A. Kress* and *Walter W. Cohen* for the Commonwealth.

BRENNER, *J.,* November 22, 1995—Presently before this court is petitioners' motion for return of property pursuant to Pa.R.Crim.P. 324. A hearing was conducted before this court on October 9, 1995, at which time the parties entered into a stipulation of facts. Based on this stipulation the court finds as follows:

Petitioners, Gene and Robin Bartholomew are husband and wife who own and reside at 2826 Washington Street, Allentown, Pennsylvania. Petitioners also own and operate a business known as Toones Records, a Pennsylvania for profit corporation, located at 1901 West Hamilton Street, Allentown, Pennsylvania.

On September 11, 1995, various individuals including agents of the Commonwealth of Pennsylvania, Office of Attorney General, and Pennsylvania Department of Revenue, and an Allentown police officer appeared at the residence of 2826 Washington Street and conducted a search of the premises pursuant to a search

warrant.[1] At that time, numerous personal and business records, bills, documents and notes were seized and removed from the residence. The search warrant indicated that the identification of items to be seized was sealed by order of the court.

At approximately the same time on September 11, 1995, various individuals including agents of the Commonwealth of Pennsylvania, Office of Attorney General, and Pennsylvania Department of Revenue, and an Allentown police officer appeared at the business of Toones Records and conducted a search of the premises pursuant to a search warrant. Again, numerous personal and business records, bills, documents and notes were seized from the premises. Likewise, the search warrant indicated that the identification of the items to be seized was sealed by order of the court.

On September 18, 1995, the identification of the list of items to be seized in both search warrants was unsealed by Judge Thomas Gates, the issuing authority of the search warrants. Thereafter, on September 14, 1995, petitioners filed a motion with this court for return of property.[2]

---

1. Search warrants were approved for the residence of Gene and Robin Bartholomew and the premises of Toones Records on September 9, 1995. Senior Judge Thomas Gates, Supervising Judge of the Tenth Statewide Investigating Grand Jury was the issuing authority of said warrants. The search warrants indicated that the list of items to be seized was sealed by order of the court, however, at the time the search warrants were issued there is no dispute that Judge Gates was in receipt of the list of items to be seized.

2. There is no dispute that petitioners are the lawful owners of the property that was seized and removed pursuant to the search warrants.

A motion for return of property pursuant to Pa. R.Crim.P. 324 states:

"(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

"(b) The judge hearing such a motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property forfeited.

"(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this rule." 42 Pa.C.S. §324.

A motion for return of property is intended to return goods to a person aggrieved by a search and seizure based upon the right of lawful possession and the non-contraband status of the goods. *Commonwealth v. Pomerantz,* 393 Pa. Super. 186, 187, 573 A.2d 1149, 1150 (1989). In asserting a motion for return of property, a party must allege that he is entitled to lawful possession of the involved property. *Id.* at 188, 573 A.2d at 1150. In the instant case, petitioners have met this burden. The parties involved have stipulated to the fact that the petitioners are the lawful owners of the property seized pursuant to the search warrants. Therefore, petitioners may move for the return of property on the ground that they are entitled to lawful possession thereof.

Petitioners contend that they were aggrieved by a search and seizure and are entitled to return of their property as the search warrants were defective and unlawful in failing to identify specifically the property

to be seized as required under the Pennsylvania and United States Constitutions and Pa.R.Crim.P. 2005(b).

Initially, we note that the protection of the individual from unlawful government searches and seizures and the need for particularity in search warrants has long been recognized in our country. The Bill of Rights of the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, *and particularly describing the place to be searched, and the persons or things to be seized.*" U.S. Constitution Amendment IV. (emphasis added)

The policy of the right is well established. "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the state." *Commonwealth v. Kohl,* 532 Pa. 152, 159, 615 A.2d 308, 311 (1992) (citing *Schmerber v. State of California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 1834 (1966)). Further, "[t]he security afforded to . . . privacy against arbitrary intrusion by the police is 'at the core of the Fourth Amendment' and 'basic to a free society.' " *Id.* (citations omitted)

It is settled Fourth Amendment jurisprudence that a warrant must specifically list the things to be seized. *Commonwealth v. Bagley,* 408 Pa. Super. 188, 196, 596 A.2d 811, 815 (1991), *appeal denied,* 531 Pa. 637, 611 A.2d 710 (1992), *cert. denied,* 506 U.S. 1002, 113 S.Ct. 606 (1992). The United States Supreme Court has stated that "[t]he requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." *Commonwealth v. Santner,* 308 Pa. Super. 67, 70, 454

A.2d 24, 25 (1982), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3585 (1984) (citing *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76 (1927)). The court has further noted that general searches have been condemned by Americans since colonial days and, in fact, led to the adoption of the Fourth Amendment. *Id.* Therefore, it is clear that the United States Constitution requires that a search warrant state with particularity the items to be seized pursuant to the warrant in order to protect the individual from arbitrary intrusion by the government.

Additionally, the protection of individual privacy against unreasonable government searches and seizures under Article 1, Section 8 of the Pennsylvania Constitution is more expansive than that afforded under the Fourth Amendment of the United States Constitution. *Commonwealth v. Parker,* 422 Pa. Super. 393, 399, 619 A.2d 735, 738 (1993). The Pennsylvania Constitution states:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things *shall issue without describing them as nearly as may be,* nor without probable cause supported by oath or affirmation subscribed to by the affiant." Pa. Constitution Article 1, Section 8. (emphasis added)

In interpreting the particularity requirement set forth in the Pennsylvania Constitution, the Pennsylvania Supreme Court has said:

"The language of the Pennsylvania Constitution requires that a warrant describes the items to be seized 'as nearly as may be. . . .' The clear meaning of the language is that a warrant must describe the items as specifically as is reasonably possible. This requirement is more stringent than that of the Fourth Amendment,

which merely requires particularity in the description. The Pennsylvania Constitution further requires the description to be as particular as is reasonably possible." *Bagley, supra* at 196, 596 A.2d at 814. "A search warrant serves to authorize the seizure of *identifiable and existing property." Id.* at 197, 596 A.2d at 815. (emphasis added) Thus, the use of a search warrant as a general investigatory tool is prohibited by both the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution.

Moreover, the need for particularity in search warrants is specifically set forth in Pa.R.Crim.P. 2005(b) which provides in part:

"Each search warrant shall be signed by the issuing authority and shall:

"(b) identify specifically the property to be seized." 42 Pa.C.S. §2005(b).

"The particularity requirement prohibits a warrant that is not particular enough and a warrant that is overbroad." *Bagley, supra* at 195, 596 A.2d at 814. A warrant that is not particular enough will result in a general rummaging banned by the Fourth Amendment and a warrant that is overbroad will permit a carting away of all documents resulting in an unconstitutional general search and seizure. *Id.* Thus, it is a fundamental rule of law of this country that a search warrant must name or describe with particularity the property to be seized. *Commonwealth v. Eichelberger,* 352 Pa. Super. 507, 513, 508 A.2d 589, 592 (1986), *appeal denied,* 515 Pa. 619, 531 A.2d 427 (1987).

Here, the search warrants did not name or describe with particularity the property to be seized. Conversely, the search warrants in question indicated that the list of items to be seized was sealed by order of court. Therefore, the petitioners had no knowledge of what

items were to be seized and, in effect, were required to submit to a general search and seizure which violated the laws of this country and intruded upon petitioners' privacy and dignity. Thus, the search warrants were unlawful as they failed to state with particularity the items to be seized. Government, just as individuals, must be bound by the rule of law. It would be a total subterfuge of the Bill of Rights of the United States Constitution, our Pennsylvania Constitution and the Rules of Criminal Procedure to order the sealing of the items to be seized at the time the search is executed and then permit the curing of said fatal defect by the opening of the sealed documents at a subsequent time.[3] This would be pure casuistry and in contravention of the very clear and simple reading of the constitution. Therefore, we find that the petitioners were aggrieved by a search and seizure.

Accordingly, pursuant to Pa.R.Crim.P. 324, an evidentiary hearing shall be conducted to determine if any of the property seized is contraband. Absent such a finding, the property shall be returned to petitioners.

### ORDER

Now, November 22, 1995, upon consideration of petitioner's motion for return of property, after hearing held November 3, 1995, and for the reasons expressed in the accompanying opinion, it is ordered that an evidentiary hearing shall be held on December 7, 1995, in court room 3B, Lehigh County Court House, Allentown, Pennsylvania at 1:30 p.m. before the Honorable Lawrence J. Brenner to determine if any of the property seized is contraband.

---

3. The Commonwealth has not presented, nor have we found, any case law or statute that would permit the sealing of the list of items to be seized.