COMMONWEALTH of Pennsylvania, Appellee,

v.

Harold D. NORMAN, Appellant.

Superior Court of Pennsylvania.

Submitted June 30, 1997.
Filed Oct. 8, 1997.

J. Allen Daringer, Asst. C.S.C., Reading, for appellant.

Ellen R. West, Asst. Dist. Atty., Reading, for the Com., appellee.

Before DEL SOLE, HUDOCK and MONTEMURO*, JJ.

HUDOCK, Judge.

In this appeal from the order denying Owners'[1] motion for the return of seized property,[2] Owners challenge the trial court's determination that the property is derivative contraband. We reverse and remand for further proceedings.

The pertinent facts may be summarized as follows: On April 10, 1996, Harold Norman (Norman) drove a tractor-trailer combination from Phillipsburg, New Jersey, to Babylon, New York. The tractor part of the combination was owned by L.A.P. Trucking (LAP) and the trailer was owned by Siberian Express (Siberian). There were no written ar- rangements between these parties regarding this transaction.

Ostensibly, LAP and Siberian (Owners) claim that they sent Norman only to have the trailer repaired in Babylon. Nevertheless, before the truck had been repaired, Norman loaded the truck with solid waste and set-off for Morgantown, Pennsylvania. The next day, April 11, 1996, Norman was stopped by a truck weighing detail at the intersection of U.S. Routes 422 and 222 in Berks County, Pennsylvania.

The officer at the scene noted several problems. First, not only was the combina- tion overweight by approximately 20,000 pounds, but the driver knew that it was overweight. Second, it was generally in poor repair. Third, the driver was driving with an expired license. Finally, the tax stickers on the truck had expired. Citations were issued to Norman, LAP and Siberian for these of- fenses. Specifically, LAP, as Norman's em- ployer, was cited for allowing him to drive without a valid license. Siberian also faced citations for "things wrong with this truck and trailer."[3] N.T., 6/12/96, at 37.

Additionally, Norman told the officer that he was concerned about his job and that "L.A.P. Trucking often run [sic] overweight." N.T., 6/12/96, at 31. When the fines imposed by the citations were not paid within twenty- four hours, the tractor-trailer combination was seized pursuant to section 6309 of the Motor Vehicle Code, 75 Pa.C.S.A. At this point, Owners sought return of their proper- ty.

The sole issue raised on appeal is whether the trial court abused its discretion when it denied Owners the return of their tractor- trailer. With respect to the return of prop- erty, this Court has stated:

> On a motion for return of property, the moving party has the burden of proving ownership or lawful possession of the items. *Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149 (1989). The

---

* Retired Justice assigned to Superior Court.

1. While the case caption lists Harold Norman as the "appellant," this appeal is actually brought on behalf of the owners of the tractor-trailer he was driving.

2. Pa.R.Crim.P. 324, 42 Pa.C.S.A.

3. The record does not indicate the ultimate dis- position of any of these charges.

burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the property is contraband. *Id.* Rule 324 was interpreted at length by this court in *Petition of Maglisco,* 341 Pa.Super. 525, 491 A.2d 1381 (1985). *Maglisco* reaffirmed the principle that where criminal charges have been dismissed, seized property may be retained by the Commonwealth only if it comprises contraband *per se* or derivative contraband.... [D]erivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* [380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170] (1965); *Commonwealth v. Fassnacht,* 246 Pa.Super. 42, 369 A.2d 800 (1977), *cert. denied,* [439 U.S. 911, 99 S.Ct. 280, 58 L.Ed.2d 257]. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. *Commonwealth v. One 1985 Dark Blue Mercedes,* 391 Pa.Super. 507, 571 A.2d 482 (1990), *alloc. den.* 526 Pa. 654, 586 A.2d 922 (1990). Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity. *Id.; Petition of Maglisco, supra.*

*Petition of Koenig,* 444 Pa.Super. 163, 166–167, 663 A.2d 725, 726 (1995) (quoting *Commonwealth v. Stipetich,* 424 Pa.Super. 539, 544–545, 623 A.2d 360, 362 (1993)). Since there is no dispute as to whether LAP and Siberian owned the tractor-trailer,[4] the issue becomes whether the Commonwealth proved, by a preponderance of the evidence, that the tractor-trailer is derivative contraband.

In *Petition of Maglisco,* wife shot her husband with a .38 caliber pistol at home. When the police responded, they immediately seized the pistol. A number of hours later, police again came to the home and this time seized several rifles. Following a hearing, both the pistol and the rifles were forfeited. This Court held that the pistol was properly seized but that the rifles were not. We reasoned that there was a nexus between the pistol and the alleged criminal act because it was the gun that wife fired at husband. Since the rifles had not been used in the commission of a crime, no nexus sufficient to justify their seizure existed.

In *Petition of Koenig,* petitioner had made a threat to his wife and son that he would "blow them away." *Petition of Koenig,* 444 Pa.Super. 163, 168, 663 A.2d 725, 727 (1995). While petitioner had no gun or other weapon in his possession when he made the threat, he did own a substantial gun collection. In order to protect the wife and son, the Commonwealth seized the gun collection. Again, we held that there was an insufficient nexus between the threat and the gun collection because Koenig had not used any of the guns when making his threat.

■ We cannot agree with the trial court and the Commonwealth that the tractor-trailer combination of Owners and seized by the Commonwealth is derivative contraband. This combination was seized for nonpayment of overweight fines pursuant to the provisions of 75 Pa.C.S.A. section 6309. However, section 6309 cannot be understood without also considering the provisions of section 6310. This section provides for the disposition of property seized under section 6309.

Among other things, section 6310 provides that the sheriff may sell an impounded combination that has not been redeemed by its owner in sixty days. 75 Pa.C.S.A. § 6310(b). It further states that the proceeds of such sales "shall first be applied to the payment of the fine and costs and, secondly, to the payment of the encumbrances. *The balance shall be remitted to the owner.*" 75 Pa. C.S.A. § 6310(c) (emphasis added). This clearly indicates that our legislature did not intend for sections 6309 and 6310 to act as forfeiture provisions. Instead, section 6310 actually implies that owners have a right of redemption of their seized vehicles. Obviously, Owners in this case were not afforded this right.

Therefore, while we share many of the trial court's concerns regarding the damage

---

4. However, Owners do seem confused about this matter in their brief. Their Summary implies that there is a dispute, but their Argument states: "[T]here is no real dispute as to whether the tractor-trailer owners lawfully owned the property." Appellant's Brief at 7.

tractor-trailer combinations wreak upon the highways and byways of our Commonwealth, we refuse to extend the definition of derivative contraband under Rule 324 to include motor vehicles used in the commission of summary offenses. The legislature has established a procedure for the seizure and redemption of overweight combinations when fines are not paid. We have no power to change that procedure.

Finally, the criminal nexus in the instant case is quite tenuous. While the truck was seized because it was overweight, the fines imposed on Owners were not due to this fact. Since section 6309 distinguishes between "defendant" in subsection (a) and "owner" in subsection (c), we can presume that the legislature expected that these individuals could be two separate persons. In this case, they were. Norman, not Owners, was charged with operating an overweight combination. Since the trial judge did not make a factual finding that Owners knew that the combination would be driven in Pennsylvania while overweight, we cannot hold that a criminal nexus between the seizure and Owners existed.

Order reversed. Case remanded for proceedings not inconsistent with this opinion.