# Commonwealth v. Bybel

456

C.P. of Berks County, no. 87-1578.

*Kevin F. Howard,* for the Commonwealth.
*Madelyn S. Fudeman* and *Molly K. Starr,* for petitioner.

STALLONE, *J.,* April 15, 2004—On November 2, 1988, a jury found the defendant, Peter A. Bybel, age 83, guilty on charges of third-degree murder,[1] aggravated assault manifesting extreme indifference to the value of human life[2] and aggravated assault involving causing bodily injury with a deadly weapon,[3] arising out of the shooting death of David L. Renninger, age 29, on July 5, 1987.

At trial, the evidence revealed that Mr. Renninger died from a single gunshot wound to his back and that the bullet which caused the wound was fired from a .22 caliber Ranger rifle. The evidence further revealed that a .22 caliber Ranger rifle had been taken from the defendant's house seven months prior to the shooting and turned over

---

1. Title 18, 18 Pa.C.S. §2502(c) (Supp. 2004).
2. Title 18, 18 Pa.C.S. §2702(a)(1) (Supp. 2004).
3. Title 18, 18 Pa.C.S. §2702(a)(4) (Supp. 2004).

to his daughter and was found once again in the defendant's house four days following the shooting. The rifle was marked and admitted into evidence at trial as exhibit 25.

On September 26, 1989, this court sentenced the defendant to a term of five to 10 years in state prison. He thereafter appealed to the Superior Court, which reversed the judgment of sentence and remanded the case back to this court for a new trial. Following the filing of cross-appeals by both the Commonwealth and the defendant, the Supreme Court of Pennsylvania arrested judgment and dismissed all of the charges on the basis that there was no evidence in the trial record to show that the defendant was physically in possession of the rifle on the day of the shooting.

Neither the defendant nor any member of his family requested the return of the rifle at any time during Mr. Bybel's lifetime. He died intestate on March 3, 1996. In fact, no such request was made until September 12, 2003, when the decedent's son, Nicholas Bybel Sr. M.D. (Dr. Bybel), filed a petition for return of tangible evidence which is the subject of these proceedings. A hearing was held on the petition on November 21, 2003, at which time Dr. Bybel stipulated and agreed that the rifle marked exhibit 25 at trial was the weapon that was used to kill David L. Renninger, as follows:

"Ms. Fudeman: . . . there are certain matters that I think might be before the court that we are prepared to stipulate. And one is that this—the property we have asked to have returned to Dr. Bybel was in fact the weapon involved in the killing in this case.

"I don't think that there is any question about that." N.T., hearing, November 21, 2003, p. 5.

The Commonwealth objected to Dr. Bybel's request on the grounds that the rifle constituted *derivative contraband*[4] and, therefore, should not be released to him pursuant to Pa.R.Crim.P. 588, which reads in pertinent part as follows:

"(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

"(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. *If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.*"

Inasmuch as an estate had never been opened for the defendant, this court did not rule upon the petition immediately but instead continued the matter in order to allow the parties the opportunity to determine who was the rightful owner of the rifle. On January 12, 2004, upon petition filed by Dr. Bybel, the orphans' court entered an order authorizing him to take possession of the rifle, *but only in the event that this court were to grant his petition for return of tangible evidence.*

Therefore, on February 18, 2004, we held a second hearing on this matter, at which time we heard oral argu-

---

4. All italicized or bold faced language has been added for emphasis only.

ment from counsel for the parties, along with a moving statement from the victim's wife, Sharon L. Renninger, who spoke on behalf of her now adult daughters and herself in opposition to the granting of the petition. She said, *"I'm not sure I understand the reasons why the family would want the gun returned. That's beyond my capacity to understand."* N.T., hearing, February 18, 2004, p. 12.[5] She also said, *"This murder weapon rewrote all of our lives—it is my feeling that the murder weapon should be destroyed as I felt that it had been long ago."* N.T., hearing, February 18, 2004, p. 13.

At the conclusion of the hearing, we gave the Commonwealth 10 days to submit a response to Dr. Bybel's memorandum of law which was filed only the day before this hearing. The Commonwealth's response was in the form of a petition and rule to show cause why the Commonwealth's petition for forfeiture of the rifle should not be granted, along with a supporting argument brief. Following our issuance of the rule upon Dr. Bybel, he filed an answer together with his own brief. Having reviewed all of those documents and determined that there were no additional issues of fact which required any further hearings, we now file this opinion in disposition of both Dr. Bybel's and the Commonwealth's petitions.

In *Commonwealth v. Younge,* 446 Pa. Super. 541, 667 A.2d 739 (1995), and *Commonwealth v. Pomerantz,* 393

---

5. At the conclusion of the February 18, 2004 hearing, this court stated on the record that it was asking the same question, but had not gotten any response:

"The Court: . . . what is the reason for wanting this gun returned? What is the reason? And I guess I asked it before. And I'm asking it now. And I'm not getting any response." N.T., hearing, February 18, 2004, p. 13.

Pa. Super. 186, 573 A.2d 1149 (1989), the Superior Court of Pennsylvania has stated that a petition for return of property must be granted where the court is satisfied by a preponderance of the evidence that: (1) the petitioner is entitled to lawful possession of the property, and (2) that the property does not constitute any form of contraband.

In this case, it is clear that Dr. Bybel is lawfully entitled to possession of the rifle, by virtue of the January 12, 2004 order of the orphans' court. However, that leaves us with the question of whether the rifle constitutes *derivative contraband,* which has been defined by *Commonwealth v. Crosby,* 390 Pa. Super. 140, 568 A.2d 233 (1990), and *Commonwealth v. Fassnacht,* 246 Pa. Super. 42, 369 A.2d 800 (1977), as property which is not illegal in and of itself but which is used in the perpetration of an unlawful act.

Dr. Bybel contends that the rifle does not constitute *derivative contraband* because the Supreme Court of Pennsylvania specifically determined that there was an insufficient nexus between the rifle and the defendant, Peter A. Bybel, at the time of the killing and, consequently, dismissed the charges. In opposing the petition, the Commonwealth relies upon *Petition of Maglisco,* 341 Pa. Super. 525, 491 A.2d 1381 (1985). There, the Superior Court considered whether a pistol which had been used by appellant Maglisco to commit the crime and other rifles owned by appellant Moore were *derivative contraband.* In finding that the pistol used by appellant Maglisco was *derivative contraband* **even though the charges against Maglisco were ultimately dropped,** but that the rifles owned by appellant Moore which were

not used to commit the crime were not contraband, the Superior Court noted at pages 530-31, 491 A.2d page 1384, of its opinion that:

"*it is the thing itself which is the offender, not its owner*
. . . .

"In the instant case, the pistol was uncontrovertibly fired by appellant Maglisco with a bullet lodging in the leg of her husband. *We do not hesitate to conclude that, by a preponderance of the evidence, a crime was committed with the pistol and it is, therefore, derivative contraband.*

"This conclusion cannot be reached with regard to the rifles. *There was no evidence presented at the forfeiture hearing that the rifles had been used in the commission of any crime.*"

From the above, it is clear that it is the rifle, and not Mr. Bybel or Dr. Bybel, the present owner of it, which is treated as the "offender" for purposes of forfeiture. Accordingly, whether property constitutes *derivative contraband* depends not upon who is seeking to recover it *but whether it was used in the commission of a crime.* And, the fact that Dr. Bybel had nothing to do with the shooting and, therefore, is an "innocent third party" as alleged in his petition, is of no moment whatsoever.[6]

---

6. At page 530, 491 A.2d page 1383, of its opinion, the *Maglisco* court states that:

"In the overwhelming number of cases of this category—*which revolve upon the question of the interests of innocent third parties who stand to be penalized, in effect,* by the impending forfeitures—the federal courts, including the United States Supreme Court, have upheld the government's right to enforce the forfeiture, *thereby sacrificing the interests of parties who by no stretch of any definition could be said to have contributed to the offense for which the forfeiture was being exacted.*"

Although the Supreme Court said in the underlying case "that there was no evidence **in the trial record** to show that the defendant, Peter A. Bybel, was physically in possession of the rifle on the day of the shooting," the evidence in the trial record is undisputed, as stipulated to by Dr. Bybel, in these proceedings that the rifle was in fact the weapon used to shoot and kill David L. Renninger. Accordingly, we conclude that, because a crime was committed with the rifle, it constitutes *derivative contraband* and, therefore, cannot be returned to Dr. Bybel.

We also disagree with Dr. Bybel's contention that the Commonwealth has waived its right to seek forfeiture of the rifle because it did not file its forfeiture petition in a timely manner. Our appellate courts have rejected that very argument on the basis that there is no specific time requirement for the Commonwealth to do so. See *Kulbitsky Appeal,* 112 Pa. Commw. 477, 536 A.2d 458 (1988).

Wherefore, we enter the following attached order.

## ORDER

And now, April 15, 2004, upon consideration and after hearings held, it is hereby ordered that:

(1) The petition for return of tangible evidence filed by Nicholas Bybel Sr., is denied; and

(2) The petition for forfeiture filed by the Commonwealth of Pennsylvania is granted. Accordingly, the .22 caliber bolt action "Ranger" rifle, previously marked and admitted into evidence at trial as exhibit 25, is hereby declared forfeited to the Commonwealth, for appropriate further disposition.