J-S47016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE LUIS TORRES, | |
| Appellant | No. 1859 EDA 2013 |

Appeal from the Order of May 30, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000289-2012

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Jose Luis Torres, appeals *pro se* from an order entered on May 30, 2013 in the Criminal Division of the Court of Common Pleas of Lehigh County that denied his request for the return of certain items of property seized by the Commonwealth.  We vacate and remand for further proceedings consistent with this memorandum.

We summarize the relevant facts in this appeal as follows.  On September 7, 2012, Appellant pled guilty to multiple burglaries in violation of 18 Pa.C.S.A. § 3502(a).  Thereafter, on September 10, 2012, the trial court sentenced Appellant to a term of state imprisonment of not less than seven and one-half to no more than 15 years on each count.  The court directed that Appellant's sentences were to run concurrently to each other.  The trial court also ordered the Commonwealth to return to Appellant all

paperwork (*i.e.* bank cards, identification cards, passport, and other miscellaneous records and documents) seized during its investigation of this case.[1]  Subsequently, on December 11, 2012, Appellant filed a motion seeking the return of his paperwork seized by the Commonwealth.  The trial court convened an evidentiary hearing on Appellant's motion on May 29, 2013.  At the hearing, the Commonwealth explained that photocopies of most of Appellant's paperwork had been produced to Appellant.  Appellant, however, was unsatisfied with the photocopies and requested production of the original documents.  During the hearing, Appellant expressed his intention to pursue his appellate rights, which, in the court's view, contradicted his earlier representations to the trial court at his September 10, 2012 sentencing proceeding.  In light of this development, the trial court, on May 30, 2013, denied Appellant's request for the return of his property.  Appellant filed a timely notice of appeal and concise statement pursuant to Pa.R.A.P. 1925.  The trial court issued its opinion on June 27, 2013.  *See* Trial Court Opinion, 6/27/13, at 1-2.

Appellant's brief raises the following questions for our review:

Whether the lower court committed an error of law or abused it's discretion in denying the Appellant's [] request for [the] return of property where:  (1) the [trial] court had previously granted the Appellant return of same property, by court order which became final two hundred and thirty-three days prior, and the

---

[1] Appellant did not challenge the forfeiture of his tangible property for reduction of the balance of restitution that he owed.

- 2 -

instant petition was only based on the Commonwealth's failure to comply with that prior order; and (2) where the [trial] court based it's subsequent denial on a right that does not exist under Pa.R.Crim.P. 588, *i.e.*, that the Commonwealth has a right to indefinitely retain the Appellant's property for possible use at some unknown future criminal proceeding?

Whether the [A]ppellant's federal and state constitutional "Due Process" rights were violated, where the lower court did not address or dispose of all matters raised by the Appellant's written petition for return of property, and refused to hear the Appellant on his complaint that the Commonwealth had not yet returned the following: (1) two bank cards and other miscellaneous items; (2) five search warrants and their inventories of seized items; (3) post-trial report from the district attorney on disposition of forfeited items and balance of restitution?

Appellant's Brief at 3.

Appellant alleges on appeal that the trial court improperly denied his motion for the return of property seized during the Commonwealth's investigation of this case. Specifically, Appellant alleges that the trial court erred in reversing its prior order which directed the Commonwealth to return his property. **See** Appellant's Brief at 10, *citing* 42 Pa.C.S.A § 5505 (authorizing court, upon notice to parties, to modify or rescind prior orders for up to 30 days). Appellant also claims that the Commonwealth has no right to retain his paperwork since it has not established a connection between the retained property and any criminal activity and because it has not demonstrated any evidentiary value in the subject property. Lastly, Appellant maintains that the trial court violated his due process rights when it failed to meaningfully consider his request for the return of his property.

In its brief, the Commonwealth makes several concessions relevant to the issues raised by Appellant. Specifically, the Commonwealth states:

> The Commonwealth concedes that [Appellant] owns the documents he references in his [m]otion. It further concedes that the documents are not contraband, *per se*.[2] Under the precedent set by [***Commonwealth v. Stipetich***, 623 A.2d 360 (Pa. Super. 1993)], anticipation of potential future litigation does not grant the prosecution the right to retain a defendant's property. As established at the May 29, 2013 hearing, the Commonwealth's rationale for keeping the originals of the requested documents is that they would constitute evidence in the event that defendant is granted another trial as a result of his appeals.
>
> The trial court was satisfied with the Commonwealth's argument regarding retention of [Appellant's] documents. However, the Commonwealth concedes that this Court may not view anticipation of future litigation as a sufficient basis for denying [Appellant] his original paperwork. Accordingly, the Commonwealth is satisfied to have this Honorable Court determine whether or not it should return these original documents to [Appellant].

Commonwealth's Brief at 10-11.[3]

The standard of review we apply in such cases focuses upon whether the court abused its discretion in disposing of the moving party's claim.

---

[2] Our Pennsylvania Supreme Court defined the terms "contraband *per se*" and "derivative contraband" as "[c]ontraband *per se* is property the mere possession of which is unlawful ... [and] derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act." ***Commonwealth v. Howard***, 713 A.2d 89, 92 (Pa. 1998), *quoting* ***Commonwealth v. Fassnacht***, 369 A.2d 800, 802 (Pa. Super. 1977).

[3] We thank and commend the Commonwealth for its candor to this Court and its evident desire to avoid burdening this tribunal with frivolous contentions.

***Beaston v. Ebersole***, 986 A.2d 876, 880 (Pa. Super. 2009), *citing*

***Commonwealth v. Smith***, 757 A.2d 354 (Pa. 2000). "[Appellate] review

of a trial court's decision on a petition for the return of property is limited to

examining whether the findings of fact made by the trial court are supported

by competent evidence… ." ***Boniella v. Commonwealth***, 958 A.2d 1069,

1072 n.6 (Pa. Cmwlth. 2009). Pennsylvania Rule of Criminal Procedure 588

governs motions for the return of property. It states as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited. …

Pa.R.Crim.P. 588.[4]

> Under [Rule 588], on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is

---

[4] Pa.R.Crim.P. 588 was previously numbered Pa.R.Crim.P. 324. The substance of the rule has remained unchanged.

entitled to lawful possession to the property or the Commonwealth can seek forfeiture claiming that property for which return is sought is derivative contraband. *Commonwealth v. Crespo*, 884 A.2d 960 (Pa. Cmwlth. 2005). To meet its burden to defeat the motion for return of property, the Commonwealth must make out more than simply demonstrating that the property was in the possession of someone who has engaged in criminal conduct. It must establish a specific nexus between the property and the criminal activity. *Commonwealth v. Howard*, 713 A.2d 89 (Pa. 1998); *Commonwealth v. 2001 Toyota Camry*, 894 A.2d 207 (Pa. Cmwlth. 2006).

*Commonwealth v. Durham*, 9 A.3d 641, 645-646 (Pa. Super. 2010) (parallel citations omitted), *appeal denied*, 19 A.3d 1050 (Pa. 2011).

In view of the Commonwealth's concessions, the only available avenue for resisting Appellant's motion is establishing that the retained property constitutes derivative contraband. The trial court made no such finding, however. Instead, the trial court offered the following rationale in support of its order denying Appellant's motion:

> While [the trial court] acknowledges that at the sentencing hearing conducted on September 10, 2012, [the court] ordered that the Commonwealth return to [Appellant] any paperwork seized during the investigation of the within matter, it was based on [Appellant's] acceptance of responsibility for his actions and expression of his desire to put this case behind him. However, at the evidentiary hearing conducted on May 29, 2013, [Appellant] expressed his intention to pursue all of his appellate rights, which was a contradiction of what he had represented to [the trial court] at the time of sentencing. In light of the change in circumstances, [the trial court] found that the Commonwealth is entitled to retain the original documents that it has in its possession while [Appellant] is pursuing his appellate rights.

Trial Court Opinion, 6/27/13, at 2-3. This assessment misapplies the legal principles governing Appellant's request for the return of his property.

Hence, we find that the trial court abused its discretion and we shall vacate its order.

Our review of the certified record reveals that the trial court did not make individualized determinations of whether the requested items constituted derivative contraband and, if not, whether the Commonwealth has returned these items. Because the present state of the record does not permit us to undertake meaningful appellate review, we shall remand this matter for further proceedings consistent with this memorandum.

We offer the following guidance to the trial court in conducting its inquiry on remand. Several of the items listed on the inventory form appear to possess little, if any, conceivable connection to the criminal offenses charged in this case. These items include: Appellant's passport, Pennsylvania identification card, social security card, video membership card, health plan card, public library card, power of attorney, Department of Homeland Security I-129F Petition, Pennsylvania restoration requirements letter, and online credit reports. **_See_** Appellant's Brief at Appendix A6 Items 1, 2, 4, 5, 6, 7, 16, 17, 18, 19, and 20. Conversely, other items listed on the inventory form could potentially relate to the criminal activity in this case since they could confirm Appellant's acquisition, use, transfer, or storage of proceeds from criminal activity. These items include: Appellant's Western Union Gold card, monetary transfer receipts, mobile home sales agreement, storage garage rental agreement, rare coin transaction receipts, general

invoices, and precious metal sales license. *See id*. at Items 3, 8, 9, 10, 11, 12, 13, 14, and 15. On remand, the trial court shall convene a hearing and inquire into whether the foregoing items constitute derivative contraband. If, after receiving testimony and making credibility determinations and factual findings, the trial court determines that items on the inventory list do not constitute derivative contraband, then the trial court shall direct the Commonwealth to return those items forthwith, to the extent it has not previously done so. *See* N.T., 5/29/13, at 102-103 (indicating that Commonwealth may already have returned Appellant's passport, certain bankcards, and other "miscellaneous" items). If, however, any of the retained property qualifies as derivative contraband, then the trial court shall direct that the Commonwealth may continue to possess such items.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014