739 A.2d 152

COMMONWEALTH of Pennsylvania, Appellee,

v.

Efraim FONTANEZ, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1997.

Decided Oct. 28, 1999.

David M. McGlaughlin, Philadelphia, for Efraim Fontanez.

Catherine Marshall, Mary L. Porto, Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

The issue in this case is whether $2,650 that police seized from Efraim Fontanez, Appellant, should be returned to him or should remain in the possession of the government. For the reasons that follow, we find that the money must be returned to Appellant.

Appellant was driving through his Philadelphia neighborhood at 8:30 p.m. when a police officer stopped him for a traffic violation.[1] As Appellant exited his car, the officer noticed an open paper bag containing money lying on the floor. The officer testified to being familiar with Appellant and his family and their involvement in narcotics activity[2] and that the stop took place in an area known for drug activity. Based upon these facts the officer seized the money in Appellant's vehicle. It is undisputed that the officer did not see any transaction or activity involving Appellant or his vehicle that would have tied the money to illegal activity and no criminal charges were ever filed in relation to the seized cash.

Appellant filed a Petition for Return of Property pursuant to Pa.R.Crim.P. 324. At the hearing, the court denied the petition, and the Commonwealth proceeded to make an oral motion for forfeiture, see 42 Pa.C.S. § 6801, which the court granted.[3] Commonwealth Court affirmed and we granted allowance of appeal.

1. Appellant claims that no citation was ever issued and relies upon a computer-generated list of his outstanding tickets. Although it is not clear whether the citation would have appeared on this list had he already paid it, it is true that the list does not reflect the issuance of a citation. Appellant's Brief at 5; R. 18a.

2. We note that Appellant has never been convicted for dealing drugs. (R. 66a).

3. In his brief, Appellant complains that the Commonwealth's impromptu, oral motion for forfeiture deprived him of proper notice of the basis

■ Rule 324(a) provides that a person may move for the return of property seized on the ground that he is entitled to lawful possession thereof. The rule goes on to state that a judge shall receive evidence on any issue of fact necessary to the decision thereon and that, if the motion is granted, the property shall be restored unless the court determines that such property is contraband. Pa.R.Crim.P. 324(b). Although in some instances a petitioner may need to introduce evidence of ownership of an item to establish his "entitlement to lawful possession," in cases such as this, where the property at issue is currency and the Commonwealth does not dispute that it was taken from the petitioner's possession, the petitioner need only allege that the money belongs to him. *See Commonwealth v. Younge*, 446 Pa.Super. 541, 667 A.2d 739, 741 (1995) (stating that "[i]n the few cases in which lawful possession or ownership of seized cash was at issue ... the petitioner's right to lawful possession or ownership was either presumed, or at best, cursorily discussed"). The Commonwealth then has the burden of proving that the money is contraband if it seeks to prevent the return of the money. For the reasons that follow, we find that the evidence presented by the Commonwealth was insufficient as a matter of law to sustain its burden of proving that the money was contraband.

■ As previously noted, Appellant was never charged with a crime in relation to the seized money. Although not dispositive, this fact is probative of whether the money was indeed contraband. For example, in *Petition of Koenig*, 444 Pa.Super. 163, 663 A.2d 725, 727 (1995), a man had made a threat against his wife and child that he would "blow them away." Although he owned a substantial gun collection, he did not have any of the guns in his possession when he made the threat. The Commonwealth seized the gun collection in order to protect the wife and child. Superior Court held that the trial court erred in denying the man's Rule 324 Petition for

upon which the Commonwealth claimed a right to the money. Appellant is correct that the procedure for forfeiture motions, which is set out in 42 Pa.C.S. § 6802, was not followed. However, Appellant's failure to object to the oral motion at the hearing renders the claim waived. Pa.R.A.P. 302(a).

Return of Property. In doing so, the court reasoned that because the man had not used the guns when making the threat, the Commonwealth had failed to sustain its burden of proving a nexus between the guns and the illegal activity. Therefore, the guns were not considered to be contraband. In the case at bar, there is not even an identifiable crime, such as the threat in *Koenig,* to which a nexus with the money can be made.

The Commonwealth argues that the circumstances surrounding the seizure of the money support the conclusion that the money is contraband. The Commonwealth points to the late evening hour, the location of the stop, the large amount of cash involved, the officer's familiarity with Appellant and his family, and Appellant's refusal to offer an explanation for why he had the money. Appellee's Brief at 26.

We do not believe that 8:30 p.m. is a notably late hour, and the stop took place in Appellant's own neighborhood. Although the presence of a large amount of cash might have given rise to suspicions in light of the officer's general "knowledge" regarding Appellant and his family, at most these suspicions merited further investigation or surveillance. Finally, a person stopped for a traffic violation has no obligation to respond to questions asked by an officer apart from statutory obligations to produce a driver's license, registration, and proof of insurance. Again, although it might arouse suspicions, failure to give an explanation where none is required cannot be construed as evidence of wrongful conduct. Accordingly, these factors taken individually or in combination, do not establish that the money was contraband.[4]

As noted, the Commonwealth also argues that the money's contraband character is demonstrated by several circumstances that developed after it was seized. The first of these involved the use of a drug-sniffing dog. After taking the money from Appellant, the officer eventually returned to the

4. To hold otherwise would essentially prevent a person from carrying any substantial amount of money at night, even in his own neighborhood, without risking having it seized by the police and never returned, regardless of whether the police witnessed any suspicious activity.

police station and placed the money in a desk drawer. He then brought a drug dog into the room to see if it would alert to the drawer, which it did. The second development occurred approximately two months after the seizure at issue, wherein Appellant was arrested for allegedly transporting drugs.

These two events add little or nothing in support of the Commonwealth's argument that the money seized in this case is contraband. With respect to the drug-sniffing dog, Officer Stanley Hamlers of the Philadelphia Police Department testified that there was no way of telling whether one dollar or all of the money in the drawer had been exposed to narcotics, and, more importantly, there was no way of telling when the money may have been exposed to narcotics. (R. 48a–49a). Indeed, the trial judge himself recognized the dog's inherent unreliability, and expressly agreed with defense counsel's statement that the drug dog, because of its heightened degree of sensitivity, would alert to almost any money presented to it. (R. 48a–49a, 66a).

The fact that Appellant was subsequently arrested in an unrelated incident for allegedly transporting drugs similarly carries little, if any, weight. Those charges were dismissed at the preliminary hearing. (R. 61a). Unproven allegations that a person transported drugs at a later date shed no light on whether money possessed by that same person, at a time when he undisputedly did not have any narcotics, may be considered contraband.

In sum, we conclude that the Commonwealth failed as a matter of law to sustain its burden of proving that the money was contraband.[5] Accordingly, the Order of the Commonwealth Court is reversed, the order of the common pleas court is vacated, and matter is remanded to the common pleas court

5. Had the common pleas court properly granted the petition for return of property pursuant to Pa.R.Crim.P. 324, there would have been no basis for the Commonwealth's attempt to proceed under the Forfeiture Act, 42 Pa.C.S. § 6801(b). Accordingly, because we reverse on this issue, we need not address the correctness of the lower courts' determination that the officer had probable cause under the Forfeiture Act to seize the money in the first instance.

for entry of an order granting Appellant's Petition for Return of Property.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice CASTILLE files a dissenting opinion.

CASTILLE, Justice, dissenting.

I respectfully dissent. In my opinion, there was sufficient evidence for the trial court to conclude that the currency seized from appellant's vehicle was contraband. The determination of whether the currency was contraband was necessarily dependent on the facts and circumstances presented to the trial court. Absent an abuse of discretion or an error of law, the trial court's decision should be affirmed.

Here, the evidence demonstrated that a police officer stopped appellant's car at 8:30 P.M. for a traffic violation in a neighborhood within the officer's usual patrol area and known by the officer to be a neighborhood decimated by the effects of illegal drug trafficking. Upon making the car stop, the officer immediately recognized appellant as a known drug dealer in the neighborhood. Specifically, the officer testified: "I am acquainted with [appellant], his father, his grandfather and his stepmother through narcotics activity, ... I patrolled that area for almost fifteen years." As appellant exited the vehicle, the officer observed a large sum of U.S. currency spill onto the floor of the car from a paper bag. After appellant provided no explanation for this irregular development, the police officer confiscated the money as probable contraband. The police officer took the money to the police station and, after it was inventoried and placed in a desk drawer, summoned a drug-sniffing dog. The dog successfully alerted to the desk drawer where the money had been placed indicating the presence of illegal substances in the drawer holding the currency.[1]

1. The proper weight to be given to this evidence was within the province of the trial court.

The question before the trial court was whether the officer had probable cause to believe that the money seized from appellant's vehicle was related to illegal drug trafficking. Probable cause exists when "the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (citation omitted). The facts available to the officer in determining whether there was probable cause to believe that the money in this case was contraband include: (1) the amount of money; (2) the method of transport of the money; (3) the officer's prior contacts with appellant and knowledge of appellant as a drug dealer; (4) the location of the stop; and (5) the time of the stop. In my opinion, these factors, in combination, support the trial court's finding that the police officer had probable cause to seize the money as contraband.

Additionally, the trial court concluded that a sufficient nexus between illegal drug activity and the money was established. The trial court relied on the totality of the police officer's credible testimony concerning the circumstances of the traffic stop and the fact that the officer had knowledge that appellant and his family had involvement in drug trafficking. Additional evidence included the officer's testimony that a drug-sniffing dog found the money after it was placed inside a desk drawer. The trial court also properly considered evidence in the form of appellant's subsequent arrest after a police officer found cocaine and approximately $4700 in cash in appellant's car. This evidence supports the trial court's conclusion that there was a sufficient nexus between illegal drug activity and the money.

Because I believe that the trial court did not err or abuse its discretion in its determination, I am compelled to dissent.