DISSENTING OPINION BY
Judge LEADBETTER.
I must respectfully dissent.
The trial court, as factfinder, credited the testimony of Detective Charles Naber. Naber’s testimony established that when police searched Porrino’s home they found the currency in the pocket of pants hanging in his closet. In a separate pair of pants belonging to Porrino, police found baggies with the corners torn off in the manner often seen when the corner portion of the baggy is used to wrap a small quantity of cocaine. During the search, police also seized a scale and cell phones. The search of the home occurred a few days after the last of three separate sales of cocaine to a confidential informant. Detective Naber, who witnessed all three sales transactions, testified that Porrino sold the drugs on each occasion. The sales were arranged when the confidential informant called the phone number of one of the cell phones seized during the search and which Porrino identified as belonging to him.
The factor which distinguishes this case from those relied upon by the majority is that there is direct evidence that the person from whom the cash was seized had, in fact, sold drugs for cash in the recent past. In those other cases, such as Commonwealth v. Fontanez, 559 Pa. 92, 739 A.2d 152 (1999) and Commonwealth v. Marshall, 548 Pa. 495, 698 A.2d 576, 579 (1997), cash was found under suspicious circumstances, but no drugs were found and there was no evidence connecting the individuals to any drug sales. Indeed, in Fon-tanez, the Court specifically noted that “It is undisputed that the officer did not see any transaction or activity involving Appellant or his vehicle that would have tied the money to illegal activity and no criminal charges were ever filed in relation to the seized cash.”[1] Id. at 153-54.
Here, credited evidence established that Porrino had sold drugs for cash only a few days before cash was found in his pants pocket. I believe the circumstances here are sufficient to support the factual inference drawn by the trial court of a nexus between the cash and the sale of drugs. *1143 While a different conclusion might also have been reached, it is not the function of this court to reweigh the evidence.
For these reasons, I would affirm the decision of the court of common pleas.[2]
Judge SIMPSON joins in this dissent.

. The majority states "The Supreme Court explained that the allegation that Fontanez 'transported drugs at a later date shed no light on whether money possessed by that person at a time when he undisputedly did not have any narcotics, may be considered contraband.’ Id. at 155.” Maj. Op. at 1139. However, the charges from that arrest, two months after the cash was seized, were dismissed at the preliminary hearing and only the fact of the arrest, rather than testimony concerning the transaction, credited or otherwise, was cited in support of the forfeiture. Our Supreme Court noted:
The fact that Appellant was subsequently arrested in an unrelated incident for allegedly transporting drugs similarly carries little, if any, weight. Those charges were dismissed at the preliminary hearing. (R. 61a). Unproven allegations that a person transported drugs at a later date shed no light on whether money possessed by that same person, at a time when he undisputedly did not have any narcotics, may be considered contraband.
Fontanez, 739 A.2d at 155.

. The majority points out that there was no evidence to show that the seized cash was the same marked bills involved in the drug sales. However, in Commonwealth v. $6,425.00 Seized From Esquilin, 583 Pa. 544, 880 A.2d 523, 530 n. 6 (2005), our Supreme Court made clear that the Commonwealth need not show a direct correlation between particular items of currency and particular sales. There, both cash and drugs were seized immediately after a sale. The trial court ordered all the cash forfeited. On appeal, this court held that because the estimated value of the observed drug transactions was approximately $60.00, only that amount could be forfeited. Our Supreme Court reversed and ordered the entire amount, $6,425.00, forfeited.