J-A06002-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WALTER JAMES KITKO & CAMERON KITKO, | |
| Appellants | No. 748 WDA 2017 |

Appeal from the Order Entered May 4, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-MD-0000045-2015

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.: FILED MAY 29, 2018

Appellants, Walter James Kitko ("Walter") and Cameron Kitko ("Cameron"), appeal from the trial court's order granting in part, and denying in part, their joint motion for return of property; and granting in part, and denying in part, the Commonwealth's petition for forfeiture with respect to the same seized property. After careful review, we affirm.

This Court previously recounted the history of this case as follows:

[Walter]'s paramour, the victim herein, complained to the DuBois Police Department, Clearfield County, that [Walter] used electronic surveillance equipment to record her without her consent while she was either in [a] state[] of undress or engaged in intimate sexual acts and [he] disseminated the explicit recordings to her and her ex-husband. The Commonwealth initially charged [Walter] with sixty-three counts

_____

* Retired Senior Judge assigned to the Superior Court.

of various criminal violations, including invasion of privacy, harassment, terroristic threats, obscene and other sexual materials, and stalking. Thereafter, the Commonwealth added twenty-four additional counts of invasion of privacy, and nine counts of obscene and other sexual materials. In support of the charges, the Commonwealth conducted searches of [Walter]'s and his brother [Cameron]'s residence located in neighboring Jefferson County. Upon execution of the warrants, the police seized various items, which have remained in the possession of Clearfield County's DuBois Police Department.

While the case was pending, on December 22, 2010, [Cameron] filed a pro se "Petition for Return of Property" in the Clearfield County trial court. On March 8, 2011, the trial court denied [his] petition. Citing Pa.R.Crim.P. 588, the trial court explained that [Cameron] "should have filed his petition in the court of common pleas for the judicial district in which the property was seized," i.e., Jefferson County. See Trial Court Order, 3/8/11. Thereafter, the parties entered into a negotiated plea agreement whereby [Walter] agreed to plead guilty to three counts of invasion of privacy, a third-degree misdemeanor, and serve three years of probation. In exchange, the Commonwealth nolle prossed the remaining charges.

After [Walter] finished serving his sentence, on April 16, 2015, he filed a petition for return of seized property in the Court of Common Pleas of Jefferson County under Rule 588. While [Walter]'s petition was pending in Jefferson County, the Commonwealth filed [a] Forfeiture Motion with [the] Clearfield County trial court. The seized items subject to [Walter]'s and the Commonwealth's respective motions appear to be identical and include:

   (a)  Item #1 on Docket Number 56-1-10, Bluish Samsung Verizon #771-9214 Ser #A00000148088E8;

   (b)  Item #2 on Docket Number 56-1-10, Bluish Samsung Verizon #591-2711 Ser #A100000140F932;

   (c)  Item #3 on Docket Number 56-1-10, HP Silver Camera Model #6RLYB-03020;

   (d)  Item #4 on Docket Number 56-1-10, Black small VHS tape with Kitko on it;

(e)   Item #5 on Docket Number 56-1-10, CD ROM Ser #1977;

(f)   Item #6 on Docket Number 56-1-10-, Note worthy 56k Modern PC Card #0013524;

(g)   (g) Item #7 on Docket Number 56-1-10, VHS Tapes (17) Black;

(h)   Item #8 on Docket Number 56-1-10, White Paper with Letter to [the victim];

(i)   Item #1 on Docket Number 56-2-10, HP Brio Computer w/ keyboard and mouse;

(j)   Item #2 on Docket Number 56-2-10, Black Nokia Cell Phone FCC 10 QTLRH65;

(k)   Item #3 on Docket Number 56-2-10, Black Motorola Cell Phone FCC 10-1HDT56GA1,

(l)   Item #4 on Docket Number 56-1-10, Silver Verizon LG Cell Phone FCC 10-13EJTM250;

(m)   Item #5 on Docket Number 56-2-10, Gray Verizon LF Cell Phone FCC 10-BEJVX5400;

(n)   Item #6 on Docket Number 56-2-10, Sony Cybershot Digital Camera;

(o)   Item #7 on Docket Number 52-2-10, Yoku Electronic Component;

(p)   Item #8 Docket Number 52-2-10, Box for Wireless Camera;

(q)   Item #9 Docket Number 52-2-10, Box for HP Photosmart Digital Camera;

(r)   Item #10 Docket Number 52-2-10, Box for FUJI Film Digital Camera;

(s)   Item #11 on Docket Number 52-2-10, Sony 8 MM Video Cassette;

(t)   Item #12 on Docket Number 52-2-10, RCA Camcorder; and

> (u) Item #13 on Docket Number 52-2-10, Verizon LG VX 5200 Cell Phone Box.
>
> Commonwealth's Forfeiture Motion, 5/1/15. Thereafter, on May 5, 2015, [Walter] transferred all seized property to his brother. On June 16, 2015, the Clearfield County trial court held a hearing on the Commonwealth's Forfeiture Motion, at which both parties presented only arguments. Following the hearing, the trial court granted in part the Commonwealth's Forfeiture Motion, authorizing the Commonwealth to dispose of the following seized items:
>
> > (a) A blue Samsung Verizon phone, number 771-9214, serial number A00000148088E8;
> >
> > (b) A blue Samsung Verizon phone, number 591-2711, serial number A100000140F932;
> >
> > (c) Seventeen (17) VHS tapes, black;
> >
> > (d) A white paper with letter to [the victim]; and
> >
> > (e) RCA camcorder.
>
> Trial Court Order, 6/16/15. The trial court ordered the Commonwealth to return the remaining items to [Walter]. [Walter] timely appealed to this Court.

Commonwealth v. Kitko, No. 977 WDA 2015, unpublished memorandum at 1-5 (Pa. Super. filed September 16, 2016) (footnotes omitted).

On appeal from that decision, we vacated the June 16, 2015 order, and remanded "the matter to the trial court with instruction to decide the Forfeiture Motion only after the Court of Common Pleas of Jefferson County rules on Appellant's petition for return of property." Id. at 8.

- 4 -

On February 14, 2017, the Jefferson County trial court held a hearing to consider Walter and Cameron's joint forfeiture motion.[1]  "There the Commonwealth asked the Court to also entertain its request to forfeit the property.  Both brothers testified, as did the officer who investigated the underlying criminal allegations, and both parties submitted post-hearing briefs."  Trial Court Opinion (TCO), 5/4/17, at 1.  The trial court's findings of fact from that hearing are detailed in its contemporaneous opinion.  Id. at 1-4.  Ultimately, the trial court granted "Cameron's request for the computer," deemed moot a request for a "8mm tape of his grandmother's funeral[,]" and denied the petition for return of property "in all other respects."  Order, 5/4/17, at 1.

Appellants timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The trial court issued a one-page Rule 1925(a) opinion on June 7, 2017.[2]  Appellants now present the following claims for our review:

> 1. The lower Court erred or abused its discretion by ruling or finding that the provisions of 18 Pa.C.S. § 3141 were binding or relevant to a proceeding under Pa.R.Crim.P. [] 588 (Return of Property).

_____

[1] The April 16, 2015 motion for return of property was jointly filed by the Kitko brothers, a fact which was unclear at the time of our September 16, 2016 memorandum.

[2] The court's brief Rule 1925(a) opinion implicitly incorporates its more substantial opinion issued contemporaneously to the May 4, 2017 order.

2. The lower Court erred by refusing to recognize a transfer of personal Property to a family relation which prevented forfeiture of the property.

Appellants' Brief at 2.

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. Beaston v. Ebersole, 986 A.2d 876 (Pa. Super. 2009) (en banc). In conducting our review, we bear in mind that "it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered." Commonwealth v. Younge, 446 Pa. Super. 541, 667 A.2d 739, 741 (1995) (citation omitted). "It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court." Id. (citation omitted).

Commonwealth v. Durham, 9 A.3d 641, 645 (Pa. Super. 2010).

Appellant's first claim is that the trial court erred by applying the forfeiture provisions applicable to sex offenders, 18 Pa.C.S. § 3141. Section 3141 provides that persons convicted of certain sexual offenses, or persons required to register under Pennsylvania's Sex Offender Registration and Notification Act (SORNA),[3]

> may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the crime or crimes of which the person has been convicted. The forfeiture shall be conducted in accordance with 42 Pa.C.S. §§ 5803 (relating to asset forfeiture), 5805 (relating to forfeiture procedure), 5806 (relating to motion for return of property), 5807 (relating to restrictions on use), 5807.1 (relating to prohibition on adoptive seizures) and 5808 (relating to exceptions).

_____

[3] 42 Pa.C.S. §§ 9799.10-9799.41.

18 Pa.C.S. § 3141.

Indeed, the trial court refused to recognize Walter's attempt to transfer his interest in the seized property to Cameron (specifically, the two cell phones), in part, because "Walter … lacked the legal authority on May 5, 2015 to vest in Cameron legal title to property still in the Commonwealth's possession, including the two cell phones in question," pursuant to 18 Pa.C.S. § 1343 (repealed July 1, 2017). Section 1343 provided that:

> Property taken or detained under this subchapter is deemed to be the property of the law enforcement authority having custody thereof and is subject only to the court of common pleas having jurisdiction over the criminal or forfeiture proceedings, the district attorney in the matter or the Attorney General.

18 Pa.C.S. § 3143 (repealed July 1, 2017).

At the time of the trial court's decision in this matter, Appellant was required to register under SORNA. See TCO at 5 ("Walter … is currently a Megan's Law registrant").[4] However, this Court recently "vacate[d the] May 18, 2016 order directing Appellant to report and register pursuant to SORNA." Commonwealth v. Kitko, No. 802 WDA 2016, unpublished memorandum at 2 (Pa. Super. filed October 23, 2017) (applying Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), which held that retroactive application of SORNA's reporting and registration requirements violates the ex post facto clause of the United States Constitution). Thus,

_____

[4] SORNA is the most recent incarnation of "Megan's Law."

we agree with Appellants that the trial court's reasoning – insofar as it was based on Walter's status as a sex offender – is retroactively unsound.

However, the Commonwealth maintains that the trial court provided alternate grounds for forfeiture that were unaffected by the change in Walter's status as a sex offender. In this vein, the Commonwealth contends that "any error alleged by Appellants with regard to the applicability of 18 Pa.C.S. §§ 3141-3144 to [Pa.R.Crim.P.] 588 proceedings was not outcome determinative in this matter." Commonwealth's Brief at 4. For the reasons that follow, we agree with the Commonwealth.

The trial court ruled that, under the statutory forfeiture provisions for sex offenders, see 18 Pa.C.S. § 3143, as well as those set forth in the Controlled Substance, Drug, Device, and Cosmetic Act, 42 Pa.C.S. § 6801(d), ownership of the seized property cannot be transferred by the original owner prior to judicial resolution of forfeiture proceedings. TCO at 4-5. The court did not end its analysis there, as it further deduced that "it only stands to reason that property seized under common law authority is likewise beyond the control of its original owner" and, therefore, that the court would not have reached "a different result under common law analysis." Id. at 5.

Notably, the Commonwealth Court recently held that "common law forfeiture does not exist in Pennsylvania." Commonwealth v. Irland, 153 A.3d 469, 486 (Pa. Cmwlth. 2017), appeal granted, 169 A.3d 1052 (Pa. 2017). Nevertheless, our Supreme Court granted the Commonwealth's

- 8 -

Petition for Allowance of Appeal from the Irland decision on the question of whether it "conflicts with both the Commonwealth Court's prior holdings and with those of the Superior Court[.]" Commonwealth v. Irland, 169 A.3d 1052, 1053 (Pa. 2017) (order granting the Commonwealth's petition for allowance of appeal). Indeed, controlling authority in the Superior Court still recognizes the existence of common law forfeiture. See Commonwealth v. Salamone, 897 A.2d 1209, 1215-17 (Pa. Super. 2006). However, as this Court recognized in Salamone:

> Until 1982, forfeiture cases in this Commonwealth involved only statutorily authorized forfeiture. [Commonwealth v.] Crosby, [568 A.2d 233,] 237 [(Pa. Super. 1990)]. After 1982, however, there was "a series of opinions by the Superior Court" finding common law authority for the forfeiture of derivative contraband. Id. Nevertheless, those opinions ultimately relied on statutory authority.

Salamone, 897 A.2d at 1216.

Here, despite its citation of "common law forfeiture" rules, see TCO at 5, the trial court did ultimately apply statutory authority, specifically, Pa.R.Crim.P. 588, in concluding that Appellants were not entitled to the return of the seized property. Rule 588 governs motions for return of property generally, and provides, in pertinent part, as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is

granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588 (emphasis added).

Walter testified that he had no knowledge of the seized camcorder. N.T., 2/14/17, at 22. He then implausibly claimed that he had filmed Victim on a digital camera, transferred those digital images to VHS tapes, and then later threw away the digital camera before the seizures occurred. Id.

Thus, only Cameron claimed ownership of the camcorder, asserting that it was "a piece of junk that I picked up for free." Id. at 33. He later explained that he "found it at a Goodwill drop, left outside the Goodwill drop." Id. at 44. In other words, Cameron's claim to the camcorder was that he had taken it from a location that received donations intended for Goodwill, not that he had purchased it or received it as a gift. Yet, the police testified that the camcorder was "the only device located at either residence capable of recording directly onto the seized VHS tapes depicting Walter and [Victim] engaged in sex acts." TCO at 3.

The trial court found Walter's and Cameron's testimony concerning the camcorder not credible. We note that "on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession." Commonwealth v. Matsinger, 68 A.3d 390, 397 (Pa. Cmwlth. 2013). Here, the trial court found that Cameron "lacked standing to seek the camcorder's return," TCO at 4, which is an inartful way of stating that he did not establish lawful possession by a

preponderance of the evidence. The court speculated that Walter had delivered it to Goodwill, where Cameron later picked it up. Regardless of such speculation, Walter disavowed ownership, let alone any knowledge of the camcorder and, therefore, he could not simultaneously claim he was entitled to lawful possession of it. Indeed, Appellants concede that the "camcorder was never owned by Walter...." Appellants' Brief at 25.

The trial court also determined that Cameron did not lawfully possess the camcorder, finding he "did not acquire a possessory interest recognized by law." TCO at 4. As noted above, Walter did not claim to have ever owned the camcorder and, therefore, it could not have been transmitted to Cameron via the transfer agreement. Moreover, even if Cameron's testimony was credible, he admitted that he acquired possession of it by taking it from a Goodwill drop site. Thus, he claims to have acquired possession by taking a charitable donation that had been intended for Goodwill. He did not pay for it, nor did he receive it as a gift. Consequently, the trial court found that Cameron was also not "entitled to lawful possession" of the camcorder. Pa.R.Crim.P. 588.

Appellants argue that "no evidence of record exists that Cameron ... removed the Camcorder in question contrary to the ownership right of any other." Appellants' Brief at 25. This claim is belied by the record: Cameron testified that he effectively took a donation intended for Goodwill from their drop site. Appellants further argue that it was "wrongful" for the Commonwealth to resort to the argument that Cameron had effectively

stolen the camcorder, "without any evidence of competing ownership to the device," citing Commonwealth v. Fontanez, 739 A.2d 152 (Pa. 1999). Appellants' Brief at 25. Again, this assertion is belied by the same testimony, which was evidence that Cameron did not have lawful possession of the camcorder. Moreover, Appellants conflate a lack of lawful possession with a theft conviction.

In Fontanez, an officer seized $2,650 in cash from the appellant. It was "undisputed that the officer did not see any transaction or activity involving Appellant or his vehicle that would have tied the money to illegal activity and no criminal charges were ever filed in relation to the seized cash." Fontanez, 739 A.2d at 153–54. Our Supreme Court noted that, although not "dispositive," the fact that the appellant had not been charged with a crime was "probative of whether the money was indeed contraband." Id. at 154.

Fontanez does not entitle Appellant to relief, as it is easily distinguishable from the instant matter. First, there was a criminal conviction in this case, involving Walter, and there was a reasonable inference that the camcorder had been the device that had recorded Victim, which was the subject of the criminal charges of invasion of privacy. There were no criminal charges at issue in Fontanez. Second, the trial court found both Appellants' testimony concerning the camcorder not credible, indicating that it believed the camcorder originally belonged to Walter, not Cameron. Nevertheless, even crediting Cameron's testimony, the trial court

found that his story undermined his own claim to lawful possession of the camcorder. No comparable testimony or evidence was at issue in the Fontanez case. Finally, by its own terms, Fontanez instructs that the existence of criminal charges is not dispositive as to whether seized property is contraband. The absence of criminal charges against Cameron for theft are, therefore, merely probative of, not conclusive evidence of, his lawful possession of the camcorder. However, countervailing evidence – his own testimony – supported the trial court's determination that he did not lawfully possess it.

In sum, we conclude that the trial court did not exclusively rely on 18 Pa.C.S. § 3141 with regard to the forfeiture of the camcorder. Instead, the court found that, under Rule 588, the camcorder was not lawfully possessed by either Walter or Cameron, and therefore, neither of them had standing to seek its return under that rule.

Cameron also sought the return of the two cell phones. The trial court determined that only Walter was "entitled to lawful possession" of the cell phones, because:

> Walter testified that he executed the "Personal Property Transfer Agreement" innocently and in good faith, but the timing of the transfer renders that testimony highly suspect. As the record reflects, he and Cameron filed their joint Motion on April 16, 2015, and the Commonwealth filed a petition for forfeiture in Clearfield County on May 1, 2015. Walter "gave" the subject property to his brother just four days later, at which point he knew beyond any doubt that the Commonwealth was alleging that it was contraband that should not be returned to him. The most reasonable inference to be drawn from his actions, and

> what the Court finds to be the case here, then, is that Walter was attempting to manipulate the outcome of the proceedings by creating an "innocent owner" defense for Cameron to assert. Insofar as it was created for fraudulent purposes, therefore, the Court will not recognize the transfer as valid....

TCO at 6.

Thus, it is clear that, again, the forfeiture of the cell phones was not based or premised on the application of 18 Pa.C.S. § 3143. Thus, Section 3143 was not dispositive in the forfeiture/return-of-property proceedings. Accordingly, we ascertain no abuse of discretion in this regard.

Next, Appellants claim that the trial court abused its discretion by not recognizing the transfer agreement. As noted above, the trial court ruled that the transfer agreement was a transparent and fraudulent attempt to subvert the forfeiture/return-of-property proceedings. Id.

Appellants argue that the trial court erred in this determination because, ostensibly, no "evidence exists that the transfer occurred to 'thwart the Commonwealth's interest'" in the cell phones. Appellants' Brief at 26. We disagree, as this claim is plainly belied by the record. The suspicious timing and circumstances of the transfer were, as the trial court found, evidence of an intent to subvert the forfeiture/return of property proceedings. As the trial court's determination was supported by evidence of record, we discern no abuse of discretion in its rejection of the transfer agreement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/29/2018</u>